DAVID ELDER (SBN 171510)
delder@housingrightscenter.org
JUDITH B. VASAN (SBN 278115)
JOEL MARRERO (SBN 275601)
3255 Wilshire Boulevard, Suite 1150
Los Angeles, CA 90010
Tel.: (213) 387-8400 x1116
Fax: (213) 381-8555

ATTORNEYS FOR PLAINTIFF

IN THE UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORMA LANDEROS, an individual,<br><br>Plaintiff,<br>vs.<br><br>CLEMENT LEUNG, an individual, and HOLIDAY LODGE MOBILE HOME PARK LP, a California limited partnership,<br><br>Defendants. | Case No.: **CV13-05785-JAK (FFMx)**<br><br>**COMPLAINT FOR DECLARATORY, INJUNCTIVE RELIEF, AND DAMAGES FOR:**<br><br>1. The Fair Housing Amendments Act of 1988, 42 U.S.C. §§ 3601 *et seq.*;<br>2. California Fair Employment and Housing Act, Cal. Gov't Code § 12955 *et seq.*;<br>3. Disabled Persons Act (Cal. Civil Code § 54)<br>4. Negligence. |

## I. INTRODUCTION

1. This is an action for declaratory and injunctive relief and damages against Defendants for discrimination based on disability in connection with the rental of residential property. Plaintiff is an individual with known and obvious

disabilities. Defendants issued Plaintiff sixty (60) days notice to vacate. Plaintiff made several reasonable accommodation requests to rescind the notice to vacate based on her disabilities. Defendants refused to engage Plaintiff and denied her requests for a reasonable accommodation. This action arises under the Fair Housing Act of 1968, as amended, 42 U.S.C. §§ 3601 *et seq.*, and related state laws.

## II.   JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 42 U.S.C. § 3613 and 28 U.S.C. §§ 1331 and 1343. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 to hear and determine Plaintiff's state law claims because they are related to her federal claims and arise out of a common nucleus of operative facts. Plaintiff's state and federal claims form part of the same case or controversy under Article III of the United States Constitution.

3. Venue in this district is proper under 28 U.S.C. § 1391(b)(2) because all of the acts or omissions giving rise to these claims occurred within the County of Los Angeles, State of California.

4. This Court has authority to grant declaratory and injunctive relief as well as compensatory and punitive damages pursuant to 42 U.S.C. §§ 3612(o)(3) and 3613(c)(1), and 28 U.S.C. §§ 2201 and 2202. The Court also has the authority to award reasonable attorneys' fees and costs to a prevailing party pursuant to 42 U.S.C. § 3613(c)(2).

## III.   PARTIES

5. Plaintiff Norma Landeros is an individual with severe, permanent, and apparent disabilities. Mrs. Landeros' disabilities include, but are not limited to, advanced Parkinson's disease, chronic depression, and diabetes.

6. Mrs. Landeros resides at 1661 Puente Ave, Trailer 68, Baldwin Park, California, 91706 ("subject property"). While Mrs. Landeros owns the trailer, she

rents the space on which the trailer is situated. The subject property is a mobile home park with approximately 100 mobile home trailers. The subject property is a dwelling within the meaning of 42 U.S.C. § 3602(b).

7. Defendant Clement Leung owns the mobile home park and leases spaces to mobile home residents. Defendant employs property managers to operate the property on his behalf.

8. Defendant Holiday Lodge Mobile Home Park LP is the property management company for the subject property. At all times relevant, herein, Defendant Holiday Lodge Mobile Home Park LP acted individually and as Defendant Leung's agent. Defendant employs managers and on-site managers to operate the subject property. Brian Leung is the current property manager and Anthony Herrera is the on-site manager at the subject property. Christina Herrera, Anthony Herrera's wife, assists him in the management of the property. At all times relevant herein, the property managers and on-site managers acted individually and as Defendants' agents.

## IV. FACTUAL ALLEGATIONS

9. Plaintiff Norma Landeros is an individual with disabilities as defined by the federal Fair Housing Act, the state Fair Employment and Housing Act, and the California Disabled Persons Act. Mrs. Landeros suffers from mental and physical disabilities that affect her lifestyle habits. The symptoms of her mental and physical disabilities require her to take countless medications and depend on a walking cane. Mrs. Landeros' disabilities render her completely unable to work and eligible for Social Security Insurance ("SSI") benefits.

10. Although Mrs. Landeros owns her mobile home, she leases the space where her mobile home is situated. In August 1997, Mrs. Landeros purchased her mobile home for approximately $16,000. She has lived there with her husband, Jose Landeros, and her three children ever since. Despite its name, Mrs. Landeros'

home is in actuality immobile, cannot be uprooted, and its transfer of ownership is subject to third-party approval.

11. Mrs. Landeros currently pays approximately $600 per month to lease the space, due no later than the 5th of every month.

12. Per Defendants' longstanding policy, when a tenant is late on rent (past the 5th of every month), the tenant is subject to a $50 late fee, due along with rent by the 12th of every month. Defendants' agent and on-site manager Anthony Herrera demanded Mrs. Landeros pay the $50 late fee in the form of cash.

13. Around April 2012, Mr. Landeros incurred injuries to his left shoulder, hips, and back that rendered him unable to work.

14. Between April 2012, and June 2013, as a direct result of Mr. Landeros' injury and Mrs. Landeros' disability and inability to work, on at least four occasions, they were unable to pay rent by the 5th of the month.

15. However, the few instances where they were late paying rent, Mr. and Mrs. Landeros paid rent along with the $50 late fee in cash by the 12th of the month, as instructed by Mr. Herrera.

16. In or around November 2012, Mrs. Landeros applied for SSI benefits.

17. On or around March 23, 2013, Mrs. Landeros received a letter from the Social Security Administration awarding her $872 on a monthly basis beginning May 2013, the first payment of which to be received by June 12, 2013.

18. As of June 5, 2013, Mrs. Landeros had not received her SSI benefit.

19. On or around June 6, 2013, Mr. Herrera told Mrs. Landeros that she had until August 6, 2013, (60 days) to vacate her mobile home or she would be evicted.

20. On June 7, 2013, Mrs. Landeros tendered June 2013's rent along with the $50 late fee in the form of money orders. Plaintiff placed the money orders in Mr. Herrera's rent deposit box at the subject property.

21. On or around June 12, 2013, Mrs. Landeros received her SSI benefit of $872. On or around that same day, Mrs. Landeros, who has visible disabilities, approached Defendants' agent and property manager Brian Leung while he visited the subject property. She asked him the reason for the eviction. He told her that she had paid the rent late and returned her June 2013's rent and late fee.

22. As a result of her SSI award, Mrs. Landeros is able and willing to make timely rental payments.

23. On or around June 15, 2013, Mr. Landeros wrote a letter to Defendants asking a rescission of the eviction notice on the basis of Mrs. Landeros' disability. The letter stated that his wife had a disability, that they have always made rent payments each month, and requested a meeting to discuss an accommodation.

24. Defendants did not respond to Mr. Landeros' June 15, 2013 letter.

25. Mrs. Landeros then went to Mr. Herrera's home at the subject property to discuss a rescission of the eviction notice on the basis of her disability. Mr. Herrera's wife, Christina Herrera, answered the door. While Mrs. Landeros stood outside waiting for Mr. Herrera, she heard him refer to her as "crippled." When Mr. Herrera came to the door he refused to rescind the eviction notice and told Mrs. Landeros that the owner did not want people like her and her family at the subject property.

26. On June 18, 2013, Mrs. Landeros contacted the Housing Rights Center ("HRC") for assistance with a reasonable accommodation request.

27. On July 12th, July 15th, and July 16th the HRC called and left voice messages at a phone number that Mrs. Landeros has previously used to speak with Defendant's property manager Brian Leung.

28. Not having heard back from Defendants, the HRC sent several reasonable accommodation request letters to rescind the eviction notice and cease efforts to evict Mrs. Landeros for breach of the lease caused by her disabilities.

29. On July 16, 2013, HRC sent a reasonable accommodation request letter to Clement Leung's legal address.

30. On August 5, 2013, HRC sent a copy of the reasonable accommodation request letter to Mr. Herrera at his home address.

31. On August 7, 2013, Mr. Herrera approached Mrs. Landeros and stated, "the agency thinks they are helping you but we have better attorneys" and "you don't have any rights because you are no longer a tenant."

32. On August 8, 2013, the HRC called Anthony Herrera to confirm receipt of the August 5, 2013, reasonable accommodation request letter. The HRC left a voice message at 626-338-2967 requesting that Defendants rescind the 60-day notice on the basis of Mrs. Landeros' disability or, at the very least, provide her more time to vacate before initiating an eviction proceeding.

33. To date, Defendants have not engaged Plaintiff or HRC to discuss her reasonable accommodation requests.

34. Defendants' refusals to engage Mrs. Landeros in an interactive process and the denials of her reasonable accommodation requests constitute unlawful housing discrimination based on disability.

35. If Plaintiff is evicted from the subject property, she will lose access to her mobile home and ability to resell it because she cannot uproot it. Defendants will unjustly acquire Mrs. Landeros' mobile home by unlawfully denying her reasonable accommodation request.

36. Defendants' unlawful conduct exacerbated, and continues to exacerbate, the symptoms of Mrs. Landeros' disabilities and caused damage to her psychological and emotional well-being. Due to Defendants' unlawful actions,

Mrs. Landeros has experienced anxiety, heightened depression, insomnia, stress, and other damages subject to proof at trial.

## V. CLAIMS FOR RELIEF

### First Claim – Fair Housing Act

37. Plaintiff herein realleges and incorporates by reference all the preceding paragraphs of this complaint.

38. Defendants, by a pattern or practice of illegal discrimination, violated the Fair Housing Act, 42 U.S.C. § 3601, *et seq.*, by discriminating against Mrs. Landeros, an individual with disabilities, in the following ways:

   a. Refusing to make reasonable accommodations in violation of 42 U.S.C. § 3604(f)(3)(B);

   b. Making or printing, or causing to make statements with respect to a rental unit that indicates a preference, limitation, or discrimination based on disability in violation of 42 U.S.C. § 3604(c);

   c. Otherwise making a dwelling unavailable in violation of 42 U.S.C. § 3604(f)(1);

   d. Interfering with persons in the exercise or enjoyment of rights guaranteed by the Fair Housing Act, in violation of 42 U.S.C. § 3617.

### Second Claim – California Fair Employment and Housing Act

39. Plaintiff herein realleges and incorporates by reference all the preceding paragraphs of this complaint.

40. Defendants violated the California Fair Employment and Housing Act, Cal. Gov't Code §§ 12926-95, by discriminating against Mrs. Landeros through the following acts:

a. Refusing to provide a reasonable accommodation in violation of Cal. Gov't Code §§ 12955 and 12927(c).

b. Discriminating because of disability in violation of Cal. Gov't Code §§ 12955(a) and (d);

c. Otherwise making unavailable or denying a dwelling based on discrimination because of disability in violation of Cal. Gov't Code § 12955(k); and

d. Interfering with persons in the exercise or enjoyment of rights guaranteed by the Fair Employment and Housing Act, in violation of Cal. Gov't Code § 12955.7.

### Third Claim - California Disabled Persons Act

41. Plaintiff herein realleges and incorporates by reference all the preceding paragraphs of this complaint.

42. In committing the acts herein alleged, Defendants engaged in a practice of unlawful discrimination in the operation of the subject property based on disability against Mrs. Landeros, and therefore have discriminated against her in violation of the California Disabled Persons Act, Cal. Civil Code § 54 *et seq.*

### Fourth Claim - Negligence

43. Plaintiff herein realleges and incorporates by reference all the preceding paragraphs of this complaint.

44. Defendants owed Mrs. Landeros a duty to operate the subject property in a manner that was free from unlawful discrimination and to employ, train, and supervise its directors, employees, agents, and itself to fulfill that duty. Defendants breached that duty by refusing to provide a required accommodation.

///

///

///

45. Defendants' negligence includes but is not limited to:

    a. Defendants' negligent failure to train its employees and agents regarding the requirements of federal and state fair housing laws;

    b. Defendants' negligent failure to hire persons who were familiar with the requirements of federal and state fair housing laws;

    c. Defendants' negligent failure to supervise itself and its employees regarding compliance with the requirements of federal and state fair housing laws;

    d. Defendants' negligent failure to discipline or terminate employees, who failed to comply with the requirements of federal and state fair housing laws; and

    e. Defendants' negligent failure to operate the subject property in conformity with accepted industry custom and standards.

## VI. PRAYER FOR RELIEF

Plaintiff prays this Court enter judgment as follows:

1. Declare that the discriminatory practices of the Defendants, as set forth above, violated the Fair Housing Act, the Fair Employment and Housing Act, and the Disabled Persons Act.

2. Enjoin Defendants to rescind the 60-day notice issued to Plaintiff.

3. Enjoin Defendants, its agents, employees, successors, and all other persons in active concert or participation with Defendants from continuing to discriminate on the basis of disability against Plaintiff or against any other person who is a prospective or current resident homeowner or tenant at its properties in violation of the above federal and state laws in any aspect of the occupancy of a dwelling.

5. Order that Defendants provide equal housing opportunities to all prospective and in-place resident homeowners and tenants, engage in comprehensive fair housing training, and submit to monitoring of their practices and records in order to ensure compliance with the fair housing laws.

6. Award compensatory damages to Plaintiff.

7. Award statutory damages to Plaintiff.

8. Award punitive damages to Plaintiff.

9. Award any other such damages as may be allowed under all the above federal and state laws.

10. Award to Plaintiff his reasonable attorneys' fees and costs in this action.

11. Award all such other relief as the Court deems just.

Dated:  August 8, 2013

Respectfully Submitted,

_____
JOEL MARRERO
Attorney for Plaintiff

DAVID ELDER (SBN 171510)
delder@housingrightscenter.org
JUDITH B. VASAN (SBN 278115)
JOEL MARRERO (SBN 275601)
3255 Wilshire Boulevard, Suite 1150
Los Angeles, CA 90010
Phone: (213) 387-8400 x1116 Fax (213) 381-8555

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORMA LANDEROS, an individual,<br><br>PLAINTIFF(S)<br>v.<br><br>CLEMENT LEUNG, an individual, and HOLIDAY LODGE MOBILE HOME PARK LP, a California limited partnership,<br><br>DEFENDANT(S). | CASE NUMBER<br><br>CV13-05785-JAK(FFMx)<br><br>SUMMONS |

TO:  DEFENDANT(S): _____

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney,  DAVID ELDER_____ , whose address is  3255 Wilshire Boulevard, Suite 1150, Los Angeles, CA 90010_____ . If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated:  AUG - 9 2013          By: MARILYN DAVIS
                                  Deputy Clerk

                                  (Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

CV-01A (12/07)                          SUMMONS

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| NORMA LANDEROS, an individual | CLEMENT LEUNG, an individual, and HOLIDAY LODGE MOBILE HOME PARK LP, a California limited partnership |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| HOUSING RIGHTS CENTER, INC.<br>3255 Wilshire Boulevard, Suite 1150, Los Angeles, CA 90010<br>TEL: 213-387-8400 x1116 / FAX: (213) 381-8555 | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:** JURY DEMAND: ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)
CLASS ACTION under F.R.C.P. 23: ☐ Yes ☒ No ☐ MONEY DEMANDED IN COMPLAINT: $_____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
This action arises under the Federal Fair Housing Act, 42 U.S.C. §§ 3601-3619

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | | | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 340 Marine | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE / PENALTY** | |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | | | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | | | **CIVIL RIGHTS** | ☐ 610 Agriculture | |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 820 Copyrights |
| | | | ☐ 442 Employment | | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☒ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 444 Welfare | | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | | | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 862 Black Lung (923) |
| | ☐ 196 Franchise | | | ☐ 640 R.R. & Truck | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | | | ☐ 650 Airline Regs | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | **IMMIGRATION** | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 462 Naturalization Application | | ☐ 690 Other | **FEDERAL TAX SUITS** |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | ☐ 440 Other Civil Rights | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 240 Torts to Land | ☐ 463 Habeas Corpus-Alien Detainee | | | |
| | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property | ☐ 465 Other Immigration Actions | | | |

CV13-05785

FOR OFFICE USE ONLY: Case Number: _____
AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

| CV-71 (05/08) | CIVIL COVER SHEET | Page 1 of 2 |
|---|---|---|

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
                              ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
                              ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
                              ☐ D. Involve the same patent, trademark or copyright, <u>and</u> one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | N/A |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | N/A |
| Los Angeles County | N/A |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | N/A |

* **Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved.

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____  Date 8/9/13

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |